UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


SCOTT LAMONT,                                          Case No.: 3:14-cv-809-AC

                   Plaintiff,                   OPINION AND ORDER

     v.

THE JAKOBY LAW FIRM, P.C., a
Colorado Corporation dba LUKEHART
AND ASSOCIATES, P.C.,

                   Defendant.
_____

ACOSTA, Magistrate Judge:

*Introduction*

     Plaintiff Scott Lamont ("Lamont") filed this action against the Jakoby Law Firm, P.C., dba

Lukehart & Associates, P.C. ("Jakoby") for violations of the Fair Debt Collection Practices Act (the

"Act"). The court entered a default judgment, awarding Lamont $5,000 in actual damages with

interest accruing at a rate of 10 %.  Lamont now seeks attorney fees in the amount of $2,565.00.  The

court finds this amount is reasonable and grants Lamont's motion for attorney fees.[1]

## Background

Lamont filed this action on May 16, 2014.  After obtaining an extension of time to answer

Lamont's complaint, Jakoby filed its answer on August 20, 2014.  The parties attended an in-person

Rule 16 conference on September 10, 2014, during which pretrial deadlines were discussed and

extended.  Shortly thereafter, the parties filed consents to jurisdiction by a magistrate judge.  On

November 17, 2014, counsel for Jakoby filed a motion to withdraw from representation indicating

Jakoby would represent itself in all future matters.  Subsequently, based on representations from

Jakoby's counsel made during a telephone conference on December 8, 2014, that Jakoby had

dissolved as a business entity, Jakoby's answer may be stricken, and Lamont may move for an order

of default, the court granted Jakoby's motion to withdraw.  Lamont immediately sought an order of

default against Jakoby, which the court granted on December 11, 2014.   On January 29, 2015,

Lamont filed a motion for default judgment in the amount $5,000, plus attorney fees and costs.  The

court entered a default judgment in favor of Lamont and against Jakoby on February 24, 2015, and

directed Lamont to file his petition for costs and fees no later than March 24, 2015.  Currently before

this court is Lamont's motion for attorney fees.[2]  Jakoby has not filed objections.

## Legal Standard

The Act provides that any debt collector who fails to comply with its provisions is liable "in

---

[1]The parties have consented to jurisdiction by magistrate judge in accordance with 28 U.S.C. § 636(c)(1).

[2]The court granted Lamont's application to proceed *in forma pauperis* in this action. Accordingly, Lamont did not incur, and did not seek recovery of, costs.

the case of any successful action . . . [for] the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3).  This language makes an award of fees mandatory.  *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1032 (9th Cir. 2012).

In determining what amount is "reasonable," courts first "calculate the 'lodestar figure' by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate."  *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  The court must then decide whether to enhance or reduce the figure by evaluation the factors discussed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), that were not already considered in calculation of the lodestar figure.  The *Kerr* factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild*, *Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).  Only those factors that are applicable must be addressed.  *Sapper v. Lenco Blade, Inc.*, 704 F.2d 1069 (9th Cir. 1983).

"[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may be properly considered in determining a reasonable fee."  *Perdue v. Kenny A.*, 559 U.S. 542, 554 (2010).  The district court has "considerable discretion" in determining the reasonableness of a fee award.  *Webb v. Ada County*, 195 F.3d 524, 526-7 (9th Cir. 1999).

*Discussion*

I.  Reasonable Hourly Rate

A reasonable hourly rate is determined by looking to the "prevailing market rates in the relevant community" as well as the skill, experience, and reputation of the lawyer.  *Blum v. Stenson*, 465 U.S. 886, 895 (1984)  The party requesting the fees "has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987).  The best evidence of the prevailing rate in Oregon is the periodic Economic Survey conducted by the Oregon State Bar. *Roberts v. Interstate Distrib. Co.*, 242 F. Supp. 2d 850, 857 (D. Or. 2002).

Lamont's counsel, Shannon Sims ("Sims") seeks $225.00 per hour for time spent on Lamont's claim.  Sims was admitted to the Oregon State Bar in 2007 and has primarily represented consumers in Portland, Oregon, for the past six years.  The Oregon State Bar 2012 Economic Survey reveals the average hourly rate billed by attorneys in private practice in Portland, Oregon, is $284. A Portland attorney with seven to nine years experience bills at an average of $258 per hour, while a Portland attorney specializing in representing plaintiffs in commercial litigation bills at an average of $266 per hour.  Sims hourly billable rate of $225 per hours is at the 25th percentile for attorneys with seven to nine years experience and is slightly above the 25th percentile for those involved in plaintiff's commercial litigation ($205).  The court finds the hourly billing rate requested for Sim's services is reasonable in light of his experience and the billing rates of comparable attorneys in the Portland area.

II.  Hours Reasonably Expended

The party seeking the award of fees must submit evidence to support the number of hours worked.  *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).   Fee petitions which include inadequate detail or that fail to separate time for individual tasks may be totally or partially denied, or apportioned accordingly.  *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 892 (9th Cir. 2011); *Dry Creek Landfill, Inc. v. Waste Solutions Group, Inc.*, No. CV-04-3029-ST, 2007 WL 710214, at *5 (D. Or. Mar. 6, 2007).   "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen*, 214 F.3d at 1045 (citation omitted).   Reasonable time spent in preparing a fee petition is generally recoverable.  *Guerrero v. Cummings*, 70 F.3d 1111, 1112 (9th Cir. 1995).

Sims represents he spent 11.4 hours on this matter.   The majority of his time was spent drafting the complaint and the motion for default judgment.   The 2.5 hours researching and drafting the initial complaint is reasonable.   Similarly, the 4 hours preparing the motion for default judgment, which included a memorandum and two affidavits supporting the motion, as well as a meeting with Lamont, is also reasonable.   The remaining 4.9 hours involved meetings with Lamont and opposing counsel; court appearances; preparing a motion to extend the time for Jakoby to file an answer; and drafting initial discovery requests, a response to Jakoby's motion to withdraw, and a motion for entry of default.   Again, the court finds the time expended on these tasks was reasonable.

III.  Additional *Kerr* Factors

Sims notes the existence of additional *Kerr* factors supporting the fee request.  Specifically, the contingent nature of the fee and Sim's significant experience in consumer debt litigation.   The court finds these factors support the reasonableness of the requested rate of $225.00 per hour.

*Conclusion*

Lamont's motion (#38) for attorney fees in the amount of $2,565.00 is GRANTED.

DATED this 29th day of April, 2015.


_____
/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge